# United States Court of Appeals
# for the Fifth Circuit

————————————

No. 25-50735
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ORLANDO CUEVAS-ARANDA,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-588-1

————————————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Orlando Cuevas-Aranda appeals the sentence imposed upon his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326, arguing that the statutory sentencing enhancement in § 1326(b) is unconstitutional. The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief. Although Cuevas-Aranda takes no

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50735

position on the motion for summary affirmance, he acknowledges his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and raises the issue to preserve it for further review.

Cuevas-Aranda is correct that his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.